WAGNER CHOI & VERBRUGGE
Attorneys at Law
CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, #1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Telecopier: (808) 566-6900
cchoi@hibklaw.com; aito@hibklaw.com

Attorneys for Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>GEORGE FRATICELLI, and JONETTE KAU'IULANI GOO-FRATICELLI<br><br>Debtors. | Bk. No. 09-00230<br><br>(Chapter 7 converted)<br><br>Hearing<br>DATE: April 16, 2014<br>TIME: 10:30 a.m.<br>JUDGE: Hon. Robert J. Faris |

**TRUSTEE'S MOTION FOR ORDER COMPELLING DEBTOR TO TURNOVER INHERITANCE PROPERTY TO TRUSTEE; DECLARATION OF DANE S. FIELD**

Dane S. Field, the Chapter 7 trustee herein ("Trustee"), by and through his undersigned attorneys, hereby moves this Court to enter an order authorizing Debtor Jonette Kau'iulani Goo-Fraticelli ("Debtor") to turnover any and all (1) $51,467.81 in funds received by Debtor from the estate of Ruth L. Goo ("Mrs. Goo"), and (2) property and funds received by Debtor from the estate of Joseph

Kanakahelela Tu Kui Goo ("Mr. Goo") pursuant to 11 U.S.C. §§ 105(a), 541 and 542. In support of this motion, the Trustee respectfully represents as follows:

## A. Background

1. George Fraticelli and Jonette Kau'iulani Goo-Fraticelli (collectively, the "Fraticellis") filed a petition for relief under Chapter 13 of title 11 of the United States Code (the "Code") in the United States Bankruptcy Court for the District of Hawaii (the "Court") on February 5, 2009.

2. On the Fraticellis' schedule B, they listed Debtor's 16.7% interest as beneficiary of the Mrs. Goo's probate estate (the "Beneficiary Interest") in the amount of $75,000.00.

3. The Beneficiary Interest represents the Debtor's share of the settlement for the claims for the wrongful death of Mrs. Goo ("Wrongful Death Claims"). The Debtor's father, her two sisters and her brother were also entitled to share in the Wrongful Death Claims.

4. On the Fraticellis' schedule C, they exempted $18,532.19 of the Beneficiary Interest.

5. On or about February 17, 2009, a distribution of the settlement funds for the Wrongful Death Claims was made, in which the Debtor received a check in

2

the amount of $70,000. Thus, $51,467.81 of the $70,000 was non-exempt property of the Estate.

6. On or about April 8, 2009, an order confirming Fraticelli's Chapter 13 plan was entered (see Docket #15).

7. On or about June 7, 2009, Debtor Jonette Goo-Fraticelli's father, Mr. Goo, died.

8. On January 5, 2011, the Fraticellis converted their Chapter 13 case to one under Chapter 7 of the Bankruptcy Code.

9. An order granting discharge was entered on March 17, 2011.

10. The meeting of creditors in the chapter 7 case concluded on June 22, 2011 and a bar date for creditors to file a proof of claim is set for September 30, 2011.

**B.  Requested Relief and Basis Therefor**

11. The Trustee seeks an order compelling Debtor to turn over (1) $51,467.81 in funds received by Debtor from Mrs. Goo's probate estate; and (2) all funds and property received by Debtor from Mr. Goo's probate estate, if any, (collectively, the "Inheritance Property") to the Trustee. Once received, the Trustee intends to administer the Inheritance Property.

12. Pursuant to section 541 of the Bankruptcy Code, property of the Debtor's bankruptcy estate includes:

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
>
> (A) by bequest, devise, or inheritance;
>
> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
>
> (C) as a beneficiary of a life insurance policy or of a death benefit plan.

13. Pursuant to section 542 of the Bankruptcy Code, the Trustee is entitled to a turnover of property of the estate. Section 542(a) of the Bankruptcy Code provides that with limited exceptions, an entity "shall deliver to the trustee . . . such property [of the estate] . . . ." 11 U.S.C. § 542(a).

14. The Inheritance Property is property of the estate as Debtor Jonette Goo-Fraticelli acquired or became entitled to acquire said the Inheritance Property within 180 days after the petition date by bequest, devise, or inheritance.

## C. Conclusion

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

4

A.  Granting the Motion and compelling Debtor Jonette Goo-Fraticelli to turn over the Inheritance Property in her possession to the Trustee; and

B.  Granting such further relief as the Court may deem just and proper.

DATED:   Honolulu, Hawaii, March 14, 2014.

/s/ Allison A. Ito
CHUCK C. CHOI
ALLISON A. ITO
Attorney for Chapter 7 Trustee

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF HAWAII

| In re | Bk. No. 09-00230 |
|---|---|
| George Fraticelli, and | (Chapter 7 converted) |
| Jonette Kau'iulani Goo-Fraticelli | |
| DEBTORS. | |

### DECLARATION OF DANE S. FIELD

I, DANE S. FIELD, hereby declare under penalty of perjury that:

1. I am the duly-appointed chapter 7 Trustee in the above-referenced case. I am competent to make this declaration and do so based on personal knowledge.

2. I have read the foregoing *TRUSTEE'S MOTION FOR ORDER COMPELLING DEBTOR TO TURNOVER INHERITANCE PROPERTY TO TRUSTEE*, and the contents thereof are true and accurate to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED: Honolulu, Hawaii, 2/24, 2014.

DANE S. FIELD